IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DARNELL JONES,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:22-cv-1907-X (BT) |
| | § | |
| CODE ENFORCEMENT BUSINESS,<br>et al.,<br>    Defendants. | §<br>§<br>§<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Michael Darnell Jones, proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 and paid the filing fee. For the following reasons, however, the Court should dismiss his case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

**Background**

In response to a deficiency order noting that his original complaint failed to comply with Federal Rule of Civil Procedure 8, Jones filed an amended complaint listing the Code Enforcement Department of the City of Cedar Hill, Texas; Stacey Graves, the director of neighborhood services for Cedar Hill; the MacFarlane Law Firm, a law firm allegedly representing Cedar Hill; and Esther Gorman as defendants. ECF No. 12, ECF No. 14.[1] The amended complaint contains no factual allegations. ECF No. 14.

---

[1] "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to or adopts or

Jones responded to a Magistrate Judge Questionnaire (MJQ) to clarify his claims. ECF No. 18. Jones claims that, in June 2019, Esther and Gene Gorman[2] committed a trespass by coming onto his driveway and yelling at him about his vehicle, which was in the back of his driveway. ECF No. 18 at 2. Jones told them to get off his property. ECF No. 18 at 2. He claims that the next day, Esther and Gene Gorman "throw his wife off my property [sic]," and stalked, harassed, complained, and were a nuisance to "race couples." ECF No. 18 at 2. He claims that Esther Gorman was often in front of his yard "pointing." ECF No. 18 at 2.[3] He further complains that Esther Gorman altered her appearance, presumably after he called the police about her activities. ECF No. 18 at 2.

He alleges that Stacey Graves—who, according to materials attached to the MJQ response, works as a director of neighborhood services for Cedar Hill—lives down the street from him and has a husband who is a constable and drives a tax-

---

incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Thus, Jones's amended complaint is the operative pleading. But, in the interest of justice, the Court also considered his original complaint in its 12(b)(6) analysis.

[2] It is unclear whether Jones is suing Gene Gorman, Ron MacFarlane (a member of the MacFarlane firm and the alleged city attorney for Cedar Hill), and the Cedar Hill Police Department, each of whom is referenced in his questionnaire response but not in the amended complaint. *See* ECF No. 14, ECF No. 18.

[3] Jones also brought a suit, which has since been dismissed, against the Gormans for this same conduct in state court. *See Michael Jones v. Esther Gorman and Gene Gorman*, Cause No. DC-22-07597 (68th Judicial Dist. Ct., Dallas Cnty. Dec. 9, 2022). And he filed another federal action that is nearly identical to this case that is currently pending. *See Michael Darnell Jones v. Esther Gorman, et al.*, 22-cv-1875-C-BT (N.D. Tex.)

payer-funded vehicle to work. ECF No. 18 at 3. He questions whether that is "good government." ECF No. 18 at 3.

As for the MacFarlane Law Firm, Jones alleges that it represented the Cedar Hill Code Enforcement Department and Stacey Graves. ECF No. 14 at 2. He alleges that Ron MacFarlane is the city attorney for Cedar Hill. ECF No. 18 at 3.

When asked to explain how each defendant's actions violated the law and what, specifically, each defendant did, Jones replied, "character assassination, racial, civil rights contempt and disrespect, characterizing." ECF No. 18 at 2-3. He claims that defendants' actions violated the First Amendment.

**Legal Standards**

It is well-established that a district court may dismiss a complaint on its own motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). The procedure for dismissing a complaint *sua sponte* must be fair. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (quoting 5A Wright & Miller, FED. PRACTICE AND PROCEDURE § 1357, at 301 (2d ed. 1990)). This requires notice of the intent to dismiss and an opportunity to respond. *Id.* at n.5. "The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiff with notice and an opportunity to respond." *Fantroy v. First. Fin. Bank, N.A.*, 2012 WL 6764551, at *7 (N.D. Tex. Dec. 10, 2012) (citing *Ratliff v. Coker*, 2008 WL 4500321, at *3 n.1 (E.D. Tex. Sept. 26, 2008)).

To state a claim upon which relief may be granted under Rule 12(b)(6), a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

And, "[a]lthough pleadings filed *pro se* are generally held to less stringent standards than those drafted by lawyers, *pro se* litigants must still reasonably comply with procedural rules." *Miller v. Lowe's Home Ctrs. Inc.*, 184 F. App'x 386, 389 (5th Cir. 2006) (per curiam) (citing *Grant v. Cuellar*, 59 F.3d 523, 524-25 (5th Cir. 1995)).

**Analysis**

To state a Section 1983 claim, a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the violation. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). For the following reasons, Jones fails to state a plausible Section 1983 claim.

A. The Cedar Hill Code Enforcement Department is a nonjural entity that is not subject to suit.

Jones sues the Cedar Hill Code Enforcement Department. But the Code Enforcement Department is a nonjural entity, and, therefore, it cannot be sued.

4

*See*, *e.g.*, *Smith v. City of Princeton, Texas*, 2017 WL 9285515, at *5 (E.D. Tex. Oct. 31, 2017), *rec. accepted* 2018 WL 316470 (E.D. Tex. Jan. 8, 2018).

"The capacity of an entity to be sued is 'determined by the law of the state in which the district court is held.'" *Hutchinson v. Box*, 2010 WL 5830499, at *1 (E.D. Tex. Aug. 20, 2010), *rec. accepted* 2011 WL 839864 (E.D. Tex. Feb. 17, 2011). To sue a city department in Texas, the city department "must enjoy a separate legal existence;" it must be a "separate and distinct corporate entity." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). Thus, unless the "true political entity" has explicitly "[granted] the servient agency with jural authority," it may not sue or be sued. *Id.* "A plaintiff has the burden of showing that a county [or city] department has the capacity to be sued. However, if a plaintiff fails to allege or demonstrate that such defendant is a separate legal entity having jural authority, then claims against the entity should be dismissed as frivolous and for failing to state a claim." *Hutchinson*, 2010 WL 5830499, at *1 (internal citations and quotation marks omitted).

Here, Jones has not alleged that the Cedar Hill Code Enforcement Department has the power to sue or be sued; therefore, the Court should dismiss Jones's claims against it.[4]

---

[4] This same reasoning applies to the extent that Jones sues the Cedar Hill Police Department. *See Davis v. Cedar Hill Police Dep't*, 2018 WL 1633023, at *4 (N.D. Tex. Mar. 9, 2018), *rec. accepted* 2018 WL 1617858 (N.D. Tex. Apr. 4, 2018) (the Cedar Hill Police Department is a nonjural entity that cannot be sued).

B. <u>The MacFarlane Law Firm and Esther Gorman are not state actors, so Jones fails to state a Section 1983 claim against them</u>.

Only a state actor can be held liable under Section 1983. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 923 (1982). A party may be considered a state actor if it "has acted with or obtained significant aid from state officials," or if its "conduct is otherwise chargeable to the State." *Id.*

Jones fails to allege that either Esther Gorman or the MacFarlane Law Firm's conduct should be chargeable to the state. There is no indication from Jones's pleadings that Esther Gorman has any government connection, and there is no indication that the MacFarlane Law firm is anything other than a private law firm employed by Cedar Hill. Private lawyers, even those retained by municipalities or governmental agencies, are not state actors for purposes of Section 1983. *See, e.g., Stannard v. North East Indep. Sch. Dist.*, 2009 WL 10679978, at *4 (W.D. Tex. Oct. 30, 2009) ("A private law firm and one of its lawyers acting as legal advisors to public bodies are not state actors.") (collecting cases). Thus, the Court should dismiss Jones's claims against Esther Gorman and the MacFarlane Law Firm.[5]

---

[5] This same reasoning would apply to the extent that Jones is also suing Gene Gorman. To the extent that Jones is suing Ron MacFarlane in his capacity as a city attorney (in which case he would be a state actor), Jones fails to allege any facts showing that MacFarlane violated his constitutional rights or was involved in any of the conduct that he complains about, so any Section 1983 claims against him in that capacity would be meritless.

C. Jones's Claims against Stacey Graves are meritless.

Finally, Jones's claims against Stacey Graves—who, as a "director of neighborhood services" for Cedar Hill appears to be a state actor—are meritless.

Jones does not allege that Graves was involved in the alleged trespass of his property or the stalking, harassment, or nuisance-related conduct. It is well-established that "[p]ersonal involvement is an essential element of a civil rights cause of action" under Section 1983. *Hinojosa v. Livingston*, 807 F.3d 657, 668 (5th Cir. 2015) (citing *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)).

Further, these allegations fail to state a Section 1983 claim. Allegations of verbal abuse, harassment, and stalking do not present a constitutional issue. *See, e.g.*, *Hines v. Graham*, 320 F.Supp.2d 511, 520 (N.D. Tex. 2004) (noting that claims of verbal abuse and harassment are not actionable under Section 1983) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993)); *Williams v. Farmer*, 2013 WL 1156426, at *5 (N.D. Ill. Mar. 20, 2013) ("[A]llegations of stalking and harassment do not constitute a 'seizure' under the Fourth Amendment."); *Chavarin v. Westchester Public Library Bd. of Trustees*, 2015 WL 5117859, at *3 (N.D. Ill. Aug. 28, 2015) ("[R]egardless of whether Plaintiffs have (or can) allege that such actions were 'under color of law,' decisions within this Circuit and elsewhere consistently hold that allegations of stalking, harassment, offensive language, and even threats by a public official are legally insufficient to support an equal protection claim or other constitutional claim, as is necessary for relief under § 1983.") (collecting cases).

As for the trespassing allegations, while the Fifth Circuit does not appear to have addressed the issue, other courts have held that trespass to land is merely a common law tort without constitutional ramifications. *Lugaila v. Midway Sewerage Authority*, 2008 WL 5287318, at *2 (W.D. Pa. Dec. 18, 2008) ("Although the Supreme Court has not yet spoken to the issue, several courts have held that a trespass to land, in itself, is not a Fourteenth Amendment Due Process violation that may be remedied by § 1983. The Courts of Appeals for the Seventh, Eighth and Tenth Circuits have stated that a trespass by a state actor alone does not violate the Fourteenth Amendment because trespass to land is merely a common law tort.") (citing *Andree v. Ashland Cnty.*, 818 F.2d 1306, 1315 (7th Cir. 1987); *Collier v. City of Springdale*, 733 F.2d 1311, 1315 n.6 (8th Cir. 1984)) (further citations omitted).

Jones also complains that Graves's husband, a constable, drove a vehicle paid for with tax-payer money. But Jones does not allege that Graves was personally involved with that conduct or explain how that conduct violates the Constitution or federal laws. These allegations fail to state a claim against Graves.

Similarly, Jones's allegations that Graves (or any other defendant) engaged in "character assassination, racial, civil rights contempt and disrespect, charactering [sic]," and violated the First Amendment are conclusory. ECF No. 18 at 2-3. *See, e.g.*, *McFerrin v. Oates*, 2016 WL 5109183, at *2 (E.D. Tex. Aug. 4, 2016) ("Conclusory allegations and legal conclusions without factual support are insufficient to avoid dismissal of the complaint.") (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

In sum, Jones fails to state a claim against any defendant. Accordingly, the Court should *sua sponte* dismiss his case pursuant to Rule 12(b)(6) for failure to state a claim.

## Leave to Amend

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citation omitted).

Here, Jones has filed two complaints and responded to an MJQ. "A verified questionnaire response allows a plaintiff to plead his or her best case and is a valid way for a pro se litigant to amend his complaint." *Merchant v. Garland Police Dep't*, 2022 WL 1158262, at *7 (N.D. Tex. Mar. 28, 2022), *rec. accepted* 2022 WL 1158005 (N.D. Tex. Apr. 19, 2022) (citing *Nixon v. Abbott*, 589 F. App'x 279 (5th Cir. 2015) (per curiam)). Because Jones has filed two complaints and responded to

an MJQ, he has had ample opportunity to plead his best case and further leave to amend is not necessary or warranted.

## Recommendation

The Court should *sua sponte* dismiss Jones's case under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

SO RECOMMENDED

Signed March 21, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).